## CIRCUIT COURT OF CHESTERFIELD COUNTY

Ruth G. Kelley Tyler

v.

William S. Smithers, Jr., et al.

October 9, 1997

Case No. (Law) LB-465-4

BY JUDGE WILLIAM R. SHELTON

On August 22, 1997, the parties appeared, by counsel, on the defendant's Motion for Summary Judgment, and the Court took the matter under advisement. Having considered the memoranda submitted, the arguments of counsel, the applicable law, and the trial transcript, the Court will rule as follows.

Summary judgment is appropriate only when no material fact is genuinely in dispute and the movant is entitled to judgment as a matter of law. Va. Sup. Ct. Rule 3:18. Viewing the facts and all reasonable inferences to be drawn from those facts in the light most favorable to the non-moving party, the Court finds that there are no issues of material fact genuinely in dispute and that summary judgment is therefore appropriate in the above-styled case.

In this legal malpractice suit, Plaintiff's claim is premised upon the following Defendant-Attorney's decisions:

(a) a decision not to object to an architect as an expert in building inspection,

(b) a decision to serve certain requests for admissions during the discovery phase of the trial,

(c) an alleged failure in not proposing a jury instruction on the meaning of the word "guarantee," and

(d) an alleged failure to adequately cross-examine a witness regarding the damages evidence.

After reviewing the transcript, the Court finds the Defendant justified in not objecting to an architect as an expert in building inspection, the requests

for admissions were logical, and the defendant did not inadequately cross-examine the witness regarding damages. In regard to the jury instruction, whether an instruction on the word "guarantee" would have altered the outcome of the underlying suit is highly speculative. Even if this Court had found Defendant's judgment calls to be mistaken, that would not be a basis for a malpractice suit. In *Jones v. Dere*, 36 Va. Cir. 519, 525 (1995), Judge Randall G. Johnson of the Circuit Court of the City of Richmond held that "while the Court has found no Virginia case on point, it is well settled in other jurisdictions that an attorney cannot be held liable for the good faith exercise of judgment on a client's behalf, even when that judgment is mistaken." Here, Plaintiff's claim does not furnish a basis for a legal malpractice action because these arguments involve tactical decisions reached in the exercise of professional judgment. *Woodruff v. Tomlin*, 616 F.2d 924 (6th Cir. 1980).